MADELYN F. PILKINGTON, AS ADMINISTRATRIX OF THE ESTATE OF GEORGE H. PILKINGTON, Jr., DECEASED, AND AS ADMINISTRATRIX AD PROSEQUENDUM OF GEORGE H. PILKINGTON, Jr., OTTO H. FRITZSHE AND MAURICE RADUS, PLAINTIFFS-APPELLANTS, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued February 6 and 7, 1940—Decided April 25, 1940.

For the plaintiffs-appellants, *McCormack & O'Keefe* (*William J. McCormack* and *John E. Selser*).

For the defendant-respondent, *William F. Hanlon* and *DeVoe Tomlinson*.

The opinion of the court was delivered by

BODINE, J. This appeal is from a judgment of nonsuit. The plaintiffs sued to recover damages for injuries suffered

by reason of an accident occurring on the evening of November 23d, 1936, at a point where route 31 New Jersey State Highway intersects the grade crossing of the defendant railroad in the borough of Somerville.

Norman A. Smith invited the deceased and the two other plaintiffs to drive in his automobile to attend a dinner of the Ten Year Club, an organization composed of employes in the State Highway Department of ten years standing. He operated the car at a speed of between thirty-five and forty miles an hour. The evening was very dark and cloudy. The country is open and the driver of the car and his guests were on the alert, since the point of intersection of the railroad with the highway was newly constructed and the men were interested in the way in which the car would ride over the intersection. The car was being driven in a southerly direction. The engineer sounded no whistle and rang no bell, while approaching the crossing. When the driver of the automobile was within forty-six to fifty feet of the railroad track he saw a light flash by. This was in the cab of the engine which was approaching from the west and traveling east. Immediately applying his brakes and swerving in a westerly direction the automobile collided with a car of the train and injuries occurred which need not now be recounted.

Our statute requires that a bell shall be rung or a steam whistle sounded (except in cities) beginning at least 300 yards from the crossing and continuing until the engine shall cross the highway. *R. S.* 48:12-57. The failure to give the statutory warning has been regarded by this court as evidence of negligence which would take the case to the jury. *Walling* v. *Central Railroad,* 82 *N. J. L.* 506.

The court in granting the nonsuit based the judgment upon the theory that the railroad's obligation of warning ceased after it had gotten its engine across the traveled portion of the highway. It is possible that this may be the rule of law when a train is standing across the highway, but the statute does require a bell or whistle to be sounded from a distance of 300 yards from the crossing until the engine has crossed the highway and the failure so to warn might conceivably be the proximate cause of the accident in this case,

since the driver of the automobile earlier warned of the approach of the train and aware of the proximity of the crossing might have checked his speed so as to avoid that which occurred.

It is argued in behalf of the respondent that the nonsuit was proper since the automobile ran into the train and the train did not run into the automobile.

We think the case is essentially different from those cases in which a freight train is lawfully occupying a crossing. *Jacobson* v. *New York, S. and W. Railroad,* 87 *N. J. L.* 378; *Nadasky* v. *Public Service Railroad Co.,* 97 *Id.* 400; *Morris* v. *Atlantic City Railroad Co.,* 100 *Id.* 328.

It would appear that before reaching the crossing the driver of the automobile had his car under control. It was also apparent that neither the bell nor whistle had been sounded at the place fixed by the statute. We feel that the jury might properly have found that the accident occurred not by reason of the car of the defendant's train being momentarily on the crossing, but rather because of the failure of the railroad to exercise reasonable care in approaching the crossing of the highway in question.

The proofs indicate that the Board of Public Utility Commissioners required the railroad company to protect this crossing by bringing its trains to a stop, and when the train moved a member of the crew must give warning to travelers on the highway, by flag or lantern, until the train had passed the crossing. The train was not brought to a stop and no warning was given. Whether this regulation and local rules of the railroad company, in accordance therewith, imposed any additional duty upon the railroad need not now be considered.

It seems to us evident that the rejection of proofs as to the plaintiffs' knowledge of such regulation and the defendants' rules with respect thereto was proper. The driver of the automobile, and those riding with him by his invitation, were entitled to have the jury say whether the failure of the railroad engineer to give the statutory warning of his approach to the crossing was or was not the proximate cause of the injuries which occurred. Obviously, the railroad engineer

was under a duty to give warning of his approach to this grade crossing, and if he failed so to do the jury might well say that that failure was the proximate cause of the collision.

The judgment is reversed. A *venire de novo* will be awarded, with costs to abide the outcome.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, HAGUE, JJ. 13.